[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellee Christina Royal pleaded guilty to two separate charges of obtaining dangerous drugs by deception.[1] Royal had been employed in a dentist's office. On two different occasions within the same month, she phoned separate local pharmacies and, using the name of her employer, ordered a prescription for Vicodin. In both instances, Royal picked up the tablets for her own use. Consequently, she was sentenced for two fifth-degree felonies.[2]
Prior to sentencing, Royal's sponsor with Narcotics Anonymous asked to be heard by the trial court in mitigation. Apparently unmoved by what Royal's sponsor had to say, the court sentenced Royal to the statutory maximum of one year of incarceration for each offense and ordered that the sentences run consecutively, rather than concurrently.
The court supported its sentence by citing that Royal had been in a position of trust. The court also identified Royal as an "expert con," alluding to the fact that she had been previously convicted at least once for employing an identical scam. Further, the court stated that Royal had been on probation for just two months when the present offenses had been committed, and that there had been numerous unsuccessful efforts to rehabilitate her.
Royal now raises three assignments of error, all related to her sentence. First, she asserts that the trial court erred in imposing a maximum sentence for each offense. Second, Royal argues that even if the maximum sentence was properly imposed for one of the offenses, the court should not have imposed the maximum sentence of incarceration for the other. Finally, Royal claims that the two prison terms should not have been order to run consecutively.
Quite plainly, the record does not support the court's findings concerning Royal's rather significant history. Because that history appears to have been a substantial part of the justification for the sentence that was imposed, we reverse Royal's sentence and remand the case for statutory findings consistent with the record, and for resentencing.
First, a court that seeks to impose a prison sentence on an offender who has not previously been incarcerated must impose the shortest authorized term unless it makes specific findings. Based on the record before it, the court must find that the shortest prison
term would demean the seriousness of the offender's conduct or would not adequately protect the public.[3] The shortest term of incarceration for a felony of the fifth degree is six months.[4]
In this case, a sentence greater than the minimum term might have been justified if the record had demonstrated what the trial court had alleged regarding Royal's significant history of abuse, convictions, and failed rehabilitation. But there is nothing in the record to substantiate the trial court's findings. Moreover, the court apparently relied upon its independent recollection of Royal's past transgressions in finding that a prison sentence was even appropriate at all,[5] but the record must support the sentence.
Second, to impose the maximum prison term in this case, the trial court would have been required to find that either Royal had committed the worst form of the offense, or that she posed the greatest likelihood of committing future crimes.[6] While the court characterized Royal's deception to obtain drugs as the worst form of the offense, it is difficult to see how Royal's deception was significantly worse than any other deception employed in the same crime. But especially since the court relied on factors not in the record to decide that a prison sentence, as opposed to community control, was appropriate, the record does not justify the imposition of the maximum sentence.
Also, the trial court again relied on its own knowledge of Royal's past to decide that Royal posed the greatest likelihood of committing future crimes. If that recollection was true, the court's determination might be correct, but the record does not substantiate that as a basis for the court's decision.
Finally, a trial court must make separate findings in order to impose consecutive prison terms for multiple offenses.[7] As it had already done, the court again relied on what it believed it knew about Royal, not on the record. We cannot affirm a sentencing decision that is not reflected by the record.
To summarize, we would not necessarily be persuaded that the trial court erred if the facts that the court relied upon in making its sentencing decision were true and verifiable upon review. But absent a record that substantiates what the court considered in making its decision, we must reverse the sentence.
Therefore, we reverse the sentence imposed by the trial court, and remand the case for resentencing. Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2925.22(A).
[2] See R.C. 2925.22(B)(2).
[3] See R.C. 2929.14(B).
[4] See R.C. 2929.14(A)(5).
[5] See R.C. 2929.12(D) and (E).
[6] See R.C. 2929.14(C).
[7] See R.C. 2929.14(E)(4).